USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1175 UNITED STATES, Appellee, v. MICHAEL MURRAY, Defendant - Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Cyr and Lynch, Circuit Judges. ______________ _____________________ Daniel J. O'Connell III for appellant. _______________________ George William Vien, Assistant United States Attorney, with ___________________ whom Donald K. Stern, United States Attorney and Geoffrey E. ________________ ____________ Hobart, Assistant United States Attorney, were on brief for ______ appellee. ____________________ August 28, 1996 ____________________ Per Curiam. In United States v. Catano, 65 F.3d 219 Per Curiam. ___________ ______________ ______ (1st Cir. 1995), a case in which Michael Murray was a co- appellant, we remanded his case for resentencing. In sentencing him, the district court had enhanced his base offense by four levels pursuant to 3B1.1(a), because it concluded that Murray had an aggravating role in the offense for which he had been convicted. In remanding we concluded that: [A]lthough the case record may very well support the four-level enhancement: there is nothing in the sentencing record about any of this. Absent explicit findings, it could be overly impetuous for us, on so exiguous a predicate to jump to the conclusion that [the enhancement requirements were met]. . . . Id. at 230 (quoting United States v. McDowell, 918 F.2d 1004, __ ______________ ________ 1012 n.8 (1st Cir. 1990)). We thus remanded "for further articulation [by the district court] of the reasons for imposing the adjustment in accordance with 18 U.S.C. 3553(c)." Catano ______ at 230. This important, but limited, reason for the remand has been fully complied with by the district court. We therefore reject appellant's present allegations in this respect. Appellant's additional claim of error lacks a plausible factual foundation. See Liteky v. United States, 510 U.S. 540, ___ ______ _____________ ___, 114 S. Ct. 1147, 1155 (1994); El F nix v. The M/Y Johanny, ________ _______________ 36 F.2d 136, 140 (1st Cir. 1994). Affirmed. Affirmed ________ -2-